**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------- x
                                                    :
GARY LA BARBERA and FRANK               :
FINKEL, as Trustees of the Local 282    :
International Brotherhood of Teamsters   :          **ORDER MODIFYING AND**
Welfare, Pension, Annuity, Job Training and:        **ADOPTING REPORT AND**
Vacation Sick Leave Trust Funds,        :           **RECOMMENDATION**
                                                    :
                                 Plaintiffs,    :           07cv1731 (DLI)(JO)
                -against-                        :
                                                    :
J & A CONCRETE CORP.,                    :
                                Defendant.   :
                                                    :
-------------------------------------------------- x
**DORA L. IRIZARRY, United States District Judge:**

Plaintiffs Gary La Barbera and Frank Finkel, as trustees of the Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds ("Funds"), brought this action seeking relief for defendant J & A Concrete Corp.'s alleged failure to make required contributions to the Funds. Defendant never responded to the complaint, and the court granted plaintiffs' motion for default judgment and referred the matter to U.S. Magistrate Judge James Orenstein to determine plaintiffs' damages and attorneys' fees. In his report and recommendation ("R&R"), Magistrate Judge Orenstein recommends that the court award plaintiffs $11,827.62 in total damages[3] and order the defendant to cooperate with an audit of its books and payroll records for May and June 2007, so plaintiffs may petition this court to amend the judgment to add any further damages and prejudgment interest that might be appropriate. The Magistrate Judge also denied plaintiffs' request for permanent injunctive relief.

---

[3] The total sum of damages recommended in the R&R includes:
    (1) $0 in unpaid contributions;
    (2) $421.16 in interest on late-paid contributions;
    (3) $6,013.26 in additional or liquidated damages;
    (4) $4,930.45 in reasonable attorneys' fees; and
    (5) $462.75 in other litigation costs.
(R&R at 24).

Plaintiffs filed timely objections to two aspects of the Magistrate's R&R. First, they seek an audit of the defendant's records for a much broader time period. Second, they object to the Magistrate's downward adjustment of attorney Avram Schreiber's hourly fee rate from $275-$300 to $210 per hour. After reviewing the objections *de novo*, the court denies the plaintiffs' request to broaden the scope of the audit, but finds a rate of $275 to be reasonable for Mr. Schreiber in this case. Accordingly, the court adopts the R&R in part and modifies it in part.

## STANDARD OF REVIEW

When there are no objections to the R&R, the court may adopt the R&R if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted). When objections are made, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz,* 447 U.S. 667, 673-76 (1980).

## DISCUSSION

A. Scope of the Audit

Plaintiffs seek to expand the time frame covered by the audit recommended in the R&R from May and June of 2007 to all unaudited times from December 2006 to date. Magistrate Judge Orenstein had ordered the narrower audit because plaintiffs needed that information from the May and June 2007 payroll records to prove the amount of unpaid contributions for those two months. Plaintiffs contend that they are entitled, under the parties' Trust Agreement, to permit an audit of defendant's books and records at any time and have not had an audit since December

2006. (*See* Trust Agreement Art. IX § 1, attached as Exh. A to Pls.' Supplemental Affirmation ("Supp. Aff."), Dkt. No. 7).

Under Section 1132(g)(2)(E) of Title 28, in an action to enforce unpaid contributions, a court has the discretion to grant, aside from damages, other "equitable relief" that the court "deems appropriate." This relief may include a mandatory injunction directing defendant to comply with an audit requirement imposed by a collective bargaining agreement. *See Cement and Concrete Workers Dist. Council Welfare Fund v. Azzarone Contracting Corp.* 2007 WL 2712314, at * 5 (E.D.N.Y. Sept. 13, 2007); *see also Beck v. Levering*, 947 F. 2d 639, 641 (2d Cir. 1991) (finding that Congress intended to make "a full range of equitable remedies available," including injunctive relief).

In the complaint, plaintiffs originally sought to collect unpaid contributions and delinquency charges on late-paid contributions for the period from October 2006 to January 2007. (Compl. ¶¶ 9-10, 15). In their affirmation in support of the motion for default judgment, they then acknowledged that contributions for October 2006, November 2006, and January 2007 were paid, but not for December 2006 or March 2007. (*See* Pls. Affirmation in Support Default Judgment ("Aff.") ¶¶ Aff. 22-24, 31, 33). In their supplemental affirmation, they acknowledged that contributions owed for December 2006, March 2007 and April 2007 were also paid, but contributions for May and June 2007 were still outstanding. (Supp. Aff. ¶¶ 9-10, 12, 20-21). Magistrate Judge Orenstein ordered defendants to submit to an audit for May and June of 2007 so plaintiffs can prove the amount of unpaid contributions for this time period.

Plaintiffs have not alleged further unpaid contributions since June 2007 and the court sees no reason for the purpose of this case to expand the scope of any audits beyond the May to June 2007 period. *Cf. Mason Tenders Dist. Council v. Duce Const. Corp.*, 2003 WL 1960584, at * 3

(S.D.N.Y. April 25, 2003) (ordering an audit where it was necessary to determine the principal amount of contributions). Accordingly, after *de novo* review, the court adopts the Magistrate Judge's recommendation that the audit should be limited to defendant's contributions to the Funds for May and June of 2007, and the defendant is directed to produce forthwith any and all records relating to its contributions for May and June of 2007.

B. Attorneys' Fee Rate for Attorney Avram Schreiber

The plaintiffs also object to the downward adjustment of plaintiffs' attorney Avram Schreiber's hourly fee rate, from $275 on some work and $300 for the remainder, to $210.

In determining a reasonable attorney's fee, "the most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The district court has "considerable discretion" to set a reasonable hourly rate. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117 (2d.Cir. 2007). The reasonable hourly rate is what a reasonable, paying client, who wishes to spend the minimum necessary to litigate the case effectively, would be willing to pay. *id.* Although the court should consider prevailing market rates, *see Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283 (1989), the Second Circuit in *Arbor Hill* has recently acknowledged that this is fundamentally an "equitable" inquiry, in which courts should "bear in mind *all* of the case-specific variables . . . relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill*, 493 F.3d at 117. Courts have examined market rates in the relevant litigation field to be a relevant factor when setting the reasonable fee. *See McDonald v. Pension Plan of the NYSE-ILA Pension Trust Fund*, 450 F.3d 91, 97 (2d Cir. 2006) (calculating the reasonable fee using prevailing rates in circuit ERISA claims); *Arbor Hill*, 493 F.

3d at 120 (arguing that a reasonableness determination considers the prevailing market fee, either defined geographically or by practice area).

Magistrate Judge Orenstein, after applying the 'paying client' test articulated in *Arbor Hill* and noting lower fee rates in similar cases, questioned whether a paying client would accept the stated rates for Schreiber that plaintiffs are imposing against the defendant.  In his objections, Schreiber indicates that his client had approved raising his hourly rate from $275 to $300 in May 2007 and that he had previously received pay at $275 per hour.  (*See* Plaintiff's Objection, Dkt. No. 11, at 2-3).  Moreover, plaintiffs also point to Schreiber's nearly 40 years' of practicing experience, which distinguishes him from more junior attorneys in similar cases.  In light of these factors, the court finds the hourly rate of $275 to be reasonable in this case.  *See McDonald*, 450 F.3d at 97 (upholding an hourly rate of $325 per hour in pension fund case).  Accordingly, the R&R is modified to the extent that Schreiber is granted an hourly fee of $275.  The total attorney's fee for Schreiber is increased by $99.45 from $321.30 to $420.75 (1.53 hours at an hourly rate of $275).

CONCLUSION

For the reasons set forth above, Magistrate Judge Orenstein's R&R is adopted in all respects except to the extent that attorney Schreiber's fee rate is modified to $275 per hour, increasing the total attorneys' fees to $5,029.90. The total amount of damages is $11,927.07. Defendant is directed to provide to plaintiffs forthwith any and all records relating to its contributions to the Funds for May and June of 2007. Upon completing their audit, plaintiffs shall submit any request for additional contributions to Magistrate Judge Orenstein for his review and report and recommendation, on or before April 30, 2008 or provide a status report, via ECF, as to why such request could not be submitted.


SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2008

                                                    /s/
                                        _____
                                            DORA L. IRIZARRY
                                          United States District Judge