**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
GARY LABARBERA, et al.,

                 Plaintiffs,

       - against -

J&A CONCRETE CORP.,

                 Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 07-1731 (DLI) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiffs Gary LaBarbera and Frank Finkel, acting in their capacities as trustees for certain employee benefit funds (the "Funds"), seek to amend the default judgment entered in their favor against defendant J&A Concrete Corp. ("J&A"); in particular, they ask the court to award them additional damages in the amount of $15,615.59. *See* Docket Entry ("DE") 15. J&A, having never appeared in this action, did not respond. Pursuant to a referral from the Honorable Dora L. Irizarry, United States District Judge, *see* DE 12, I now make the instant report and respectfully recommend, for the reasons set forth below, that the court grant the plaintiffs' request and amend its judgment accordingly.

I.     Background

The history of this case is explained in detail in my initial Report and Recommendation to the court dated February 22, 2008. *See* DE 9 ("R&R"). I recount here only those aspects of the case that are pertinent to the instant application.

In their original Complaint, the plaintiffs asserted claims against J&A pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Specifically, the plaintiffs alleged that J&A had failed to satisfy its obligations under certain collective bargaining agreements to make contributions to the Funds. *See* 29 U.S.C. § 1145

(employers obligated to make contributions within the meaning of the statute must do so in accordance with the relevant multi-employer plan or collective bargaining agreement); DE 7 (Supplemental Affirmation [of plaintiffs' counsel] in Support of Plaintiffs' Claim for Damages) ("Supp. Aff.") Ex. A (Agreement and Declaration of Trust entered into by Local Union No. 282 of the International Brotherhood of Teamsters and various employers in the building material contractors industry) (the "Trust Agreement"). J&A never answered the Complaint and the plaintiffs successfully obtained a default judgment against it. Order dated June 1, 2007. Judge Irizarry then referred the matter to me for a report and recommendation on damages and attorneys' fees. *Id.*

In their belatedly filed supplemental request for damages, the plaintiffs sought, in addition to other forms of relief, damages in the amount of $15,615.59 for the months of May and June of 2007. Supp. Aff. ¶¶ 17, 18. More precisely, they sought $12,719.46 in unpaid contributions for those months, with the remainder consisting of additional damages and interest. However, because J&A had not submitted the reports upon which the plaintiffs would ordinarily have based the amount of contributions owed, they calculated the amount of unpaid contributions by applying a mathematical formula set out in the Trust Agreement. *See* Trust Agreement Art. IX § 1(e) (the "Trust Agreement Penalty Provision"). When triggered, the Trust Agreement Penalty Provision allows the plaintiffs to review the twelve most recent reports that J&A did submit, select the one with the largest number of reported hours, add ten percent to that number, and calculate the outstanding contributions on the basis of the resulting number.

I did not agree with the plaintiffs' analysis in my earlier R&R, and instead recommended that the court award a total of $11,827.62. DE 9. That recommendation reflected my conclusion

that the plaintiffs were not entitled to unpaid contributions for the months of May and June of 2007 because they had not established the amounts owed to a reasonable certainty. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (the court must conduct an inquiry sufficient to establish damages to a "reasonable certainty") (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Starting from the premise that the Trust Agreement Penalty Provision applies only when an employer fails to submit remittance reports "within twenty days of *written demand*" (emphasis added), I noted that the record did not establish that the plaintiffs made any such demand with respect to contributions owed for the months of May and June of 2007. As a result, I concluded that the plaintiffs could not rely on the penalty provision's formula; and lacking any other evidence of the amount owed for those months, I further concluded that the plaintiffs had failed to establish those contributions to a reasonable certainty. Nevertheless, I recommended that, rather than deny the plaintiffs' request outright, the court require J&A to submit to an audit to determine the amount of contributions it owed for those months and afford the plaintiffs a final opportunity to adduce the proof that they had thus far failed to provide.

On April 1, 2008, the court adopted my R&R to the extent relevant here[1] and ordered the plaintiffs, upon conclusion of the audit but in any event before April 30, 2008, to submit to me either a request for additional damages or a status report explaining why such request was impracticable. That order explicitly directed J&A to provide to the plaintiffs all records relating to its contributions to the Funds for the months of May and June of 2007. DE 12.

---

[1] The court disagreed with my application of recent case law to the facts of the case with respect to the matter of attorneys' fees, and therefore modified my recommendation as to the appropriate hourly rate upon which to determine the compensation for plaintiffs' counsel. *See* DE 12 at 4-5.

The plaintiffs timely served copies of both the R&R and the court's order on J&A. *See* DE 10; DE 13. Nevertheless, as the plaintiffs reported on April 30, 2008, J&A did not respond or comply with the court's order. DE 15. As a result, they ask the court to award them damages for the months of May and June of 2007 in the amounts set forth in their previously submitted supplemental request for damages. Specifically, the plaintiffs seek $12,719.46 in unpaid contributions for May and June of 2007, $2,543.90 in additional damages for those months, $220.14 in interest for May 2007, and $132.09 in interest for June 2007. Supp. Aff. ¶¶ 17, 18.

II. Discussion

As explained above, the court denied the plaintiffs' original request for damages for the months of May and June of 2007 because the plaintiffs were unable to establish the amounts owed to a reasonable certainty. But that inability was purely a result of the fact that the plaintiffs could not, at that time, properly invoke the Trust Agreement Penalty Provision to calculate their damages with respect to the months at issue; now, however, they can properly do so. J&A's continued failure to respond to the court's order directing it to submit to an audit of its books and records triggered the Trust Agreement Penalty Provision, and the court may now properly rely on the calculations set forth in the plaintiffs' supplemental request for damages in determining contributions owed for those months.

According to the Trust Agreement Penalty Provision's terms, "[i]n the event the Employer fails to submit ... pertinent books and records for audit within 20 days after written demand, the Trustees ... may compute the sum due for any month [by using the formula described above]." Trust Agreement Art. IX § 1(e). The court's order substantially adopting my R&R explicitly directed J&A to provide to the plaintiffs all records relating to its contributions to the Funds for

4

May and June of 2007. DE 12. Service of that order on J&A on April 2, 2008, arguably satisfied the Trust Agreement Penalty Provision's written demand requirement. *See* DE 13. For purposes of this Report and Recommendation, I will assume that it does, and leave it to the recalcitrant J&A to argue in any objections it may file why the court should conclude otherwise.[2] Moreover, the plaintiffs' most recent submission – dated April 30, 2008 – is sufficient to establish that, after more than 20 days, J&A failed to respond. *See* DE 15. The plaintiffs may therefore apply the formula set out in the Trust Agreement Penalty Provision to calculate unpaid contributions for the months of May and June of 2007.

The plaintiffs performed those calculations in their supplemental request for damages, arriving at a total of $12,719.46 in unpaid contributions for the two months at issue. Supp. Aff. ¶¶ 17, 18. As I noted in my R&R, their calculations are accurate, and I therefore respectfully recommend that the court award the plaintiffs that additional amount in unpaid contributions.

The plaintiffs are also entitled to "additional damages" and interest on the contributions that they have proved. *See* 28 U.S.C. § 1132(g)(2) (providing for an award in "an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [of unpaid contributions]"); Trust Agreement Art. IX § 3(d)(2) (providing for such "additional damages" in the maximum

---

[2] I note, however, that plaintiffs' counsel has once again complicated the court's work in this regard: nothing in the plaintiffs' latest submission discloses that they themselves have *ever* made a written demand, or that they did anything other than drop the court's order in a mailbox and await compliance. Had counsel effected more direct service and also included a written demand, the merit of the plaintiffs' current application would be beyond dispute. Unfortunately, for the same reason that the court has had to afford the plaintiffs this second bite at the apple, I must now recommend that the court decide a close question in the plaintiffs favor rather than merely recommend that it grant an application that is obviously correct.

allowable amount of twenty percent of unpaid contributions). In that regard, the plaintiffs seek a total of $2,543.90 in additional damages for both months, $220.14 in interest for May 2007, and $132.09 in interest for June 2007. Supp. Aff. ¶¶ 17, 18. The calculations on which those amounts are based are accurate and I therefore recommend that the court award them.[3]

III. Recommendation

For the reasons set out above, I respectfully recommend that the court amend its judgment to award the plaintiffs an additional $15,615.59 in damages for the months of May and June of 2007, consisting of $12,719.46 in unpaid contributions, $352.23 in interest on those contributions, and $2,543.90 in additional damages.

IV. Objections

I direct the plaintiffs to serve a copy of this Report and Recommendation on defendant J&A by certified mail, and to file proof of service with the court no later than July 2, 2008. Any objections to this Report and Recommendation must be filed with the Clerk no later than July 21, 2008. Failure to file objections within this period waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Beverly v. Walker*, 118 F.3d 900 (2d. Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
　　　June 24, 2008

　　　　　　　　　　　　　　　　　　　　　　　　/s/ James Orenstein
　　　　　　　　　　　　　　　　　　　　　　　　JAMES ORENSTEIN
　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

---

[3] The plaintiffs' supplemental request for damages sought interest on unpaid contributions for the months of May and June of 2007 accrued through the first week of September 2007. Supp. Aff. ¶¶ 17, 18. The plaintiffs have not amended that request to seek any additional interest.

6